**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALVON SHONEER SURRELL, SR., | Case No.: 3:17-cv-00270-RCJ-WGC |
| Plaintiff, | **Report & Recommendation of United States Magistrate Judge** |
| v. | Re: ECF No. 22 |
| WASHOE COUNTY, et al., | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

The court recommends dismissal of this action due to Plaintiff's failure to keep the court apprised of his current address and his failure to prosecute this action; and as a result, defendant Wuepper's Motion for Summary Judgment (ECF Nos. 22, 22-1 to 22-5) should be denied as moot.

**I. BACKGROUND**

When Plaintiff filed this action he was a detainee at the Washoe County Detention Facility (WCDF). (ECF Nos. 1, 1-1.) He was subsequently incarcerated within the Nevada Department of Corrections (NDOC) and housed at Northern Nevada Correctional Center (NNCC). (ECF No. 4.) He then filed a notice of change of address indicating an address at the Sacramento County Jail. (ECF No. 8.)

The court screened the complaint and dismissed Plaintiff's claims in Counts I and II concerning his medical care at WCDF with leave to amend, but allowed him to proceed with a Fourteenth Amendment claim of sexual assault against defendant Wuepper in Count III. (ECF No.

9.) Plaintiff filed an amended complaint (ECF No. 11), which the court screened. (ECF No. 14.) The amended complaint only asserted the Fourteenth Amendment claim against Wuepper, which the court allowed Plaintiff to proceed on.

Wuepper filed a Motion for Summary Judgment on August 5, 2019. (ECF Nos. 22, 22-1 to 22-5.) Plaintiff did not file a response. The court's *Klingele* order advising Plaintiff of the requirements of opposing a motion for summary judgment was returned as undeliverable, and there is a notation Plaintiff was no longer in custody. (ECF No. 27 28.) On September 20, 2019, the court sent an order to Plaintiff's last address of record directing him to file an updated address within 30 days, and advising him that a failure to comply may result in dismissal of the action. (ECF No. 29.) That order was also returned as undeliverable. (ECF No. 30.)

The court has had no further contact from Plaintiff.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b). In addition, Local Rule IA 3-1 provides that a plaintiff must immediately file written notification of any change of address, and the failure to do so may result in dismissal of the action, default judgment or other sanction as deemed appropriate by the court.

In considering whether to dismiss a pro se plaintiff's action under Rule 41(b), the court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

First, the public has an interest in expeditious resolution of litigation. Plaintiff's failure to further participate in his lawsuit or apprise the court of his current address impedes this goal. Therefore, this factor weighs in favor of dismissal.

Second, the court's need to manage its docket is thwarted by Plaintiff's failure to prosecute his own action. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). As such, this factor weighs in favor of dismissal.

Third, the defendants risk prejudice the longer this case is carried on because the memories of witnesses will fade and evidence may be lost. *See Pagtalunan*, 291 F.3d at 643 (citation omitted). Therefore, this factor weighs in favor of dismissal.

Fourth, while there is a public policy favoring disposition of cases on their merits which weighs in favor of Plaintiff, this is not outweighed by the other factors that compel dismissal.

Finally, the court has no less drastic sanction when it has received no communication from Plaintiff or any notification of his current address. As a result, no sanction short of dismissal is feasible. Given Plaintiff's failure to get in touch with the court, monetary sanctions are not practical. Nor are other non-monetary sanctions in light of the fact that Plaintiff has apparently abandoned his case. Thus, this factor weighs in favor of dismissal.

In sum, the majority of the factors weigh in favor of dismissal under Rule 41(b). Dismissal is also appropriate under Local Rule IA 3-1, which advises a litigant that a failure to keep the court apprised of his current address may result in dismissal of the action.

///

///

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **DISMISSING** this action **WITH PREJUDICE**, and **DENYING** Defendant's Motion for Summary Judgment (ECF No. 22) as moot.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: October 23, 2019.

*William G. Cobb*
William G. Cobb
United States Magistrate Judge